IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 06-00593 HG-01 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SACRAMENTO GONZALEZ-OSEGUERA, | ) | |
| aka SACRAMENTO ASEGUERA | ) | |
| GONZALEZ, aka BENITO BARRAGAN- | ) | |
| BLANCO, aka VICTOR LNU, aka | ) | |
| VICTOR RODRIGUEZ, aka VICTOR | ) | |
| OROSCO, aka VICTOR SUAREZ, aka | ) | |
| VICTOR CISNEROS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES
SENTENCING GUIDELINES (ECF No. 48)**

Defendant Sacramento Gonzalez-Oseguera, proceeding pro se,
has filed a letter requesting a reduction in sentence pursuant to
18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States
Sentencing Guidelines.  Defendant is not eligible to receive a
sentence reduction.

Defendant's MOTION FOR SENTENCE REDUCTION (ECF No. 48) is
**DENIED**.

<u>**PROCEDURAL HISTORY**</u>

On December 13, 2006, the grand jury returned a three-count

1

First Superseding Indictment against Defendant.[1]   (ECF No. 5).

On May 7, 2007, Defendant pled guilty, pursuant to a plea agreement, to Count I of the First Superseding Indictment for conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a substance and mixture containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).   (ECF No. 31).

On July 15, 2007, the Court entered an order that accepted the Defendant's plea of guilty and adjudged him guilty as to Count I in the First Superseding Indictment.   (ECF No. 35).

On October 18, 2007, the Court held a sentencing hearing. (ECF No. 43).   Defendant was sentenced to 180 months imprisonment as to Count 1 in the First Superseding Indictment.   (Amended Judgment, ECF No. 47).   Counts 2 and 3 in the First Superseding Indictment were dismissed as required by the Memorandum of Plea Agreement.   (Id.)

On July 20, 2015, Defendant, proceeding pro se, filed a

---

[1] The First Superseding Indictment dated December 13, 2006, was returned against "Benito Barragan-Blanco, aka Victor LNU, aka Victor Rodriguez, aka Victor Orosco, aka Victor Suarez, aka Victor Cisneros."   (ECF No. 5).   On May 4, 2007, the Court held a Final Pre-Trial Conference where Defendant indicated that his true name is "Sacramento Gonzalez-Oseguera."   (ECF No. 29).   On the same date, the Parties filed a Stipulation and Order to amend the caption and to identify Defendant by his true name.   (ECF No. 28).   The caption reflects the Defendant's name and aliases as provided on the Amended Judgment pursuant to the Parties' Stipulation.   (ECF Nos. 28, 47).

letter requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  (ECF No. 48).

On July 21, 2015, the Federal Public Defendant's Office sent a letter to the Court stating that it had determined that Defendant was not eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.  (ECF No. 49).

On July 22, 2015, the Court issued a Minute Order addressing Defendant's letter.  (ECF No. 50).  The Court construed Defendant's filing as a request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentence Guidelines.  (Id.)  The Court ordered the Government to respond to Defendant's pro se Motion on or before August 10, 2015.  (Id.)  The Minute Order stated that Defendant may file a Reply on or before August 24, 2015.  (Id.)  The Court elected to decide Defendant's Motion without a hearing.  (Id.)

On August 3, 2015, the Government filed GOVERNMENT'S SEALED MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY OR REDUCE TERM OF IMPRISONMENT TO 18 U.S.C. § 3582(c)(2).  (ECF No. 52).

Defendant did not file a Reply.

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).  The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence.  Dillon, 560 U.S. at 827.

Here, Defendant is not eligible for a sentence reduction pursuant to the first step of the Dillon inquiry.  The Court does not reach the second step in the inquiry.  Defendant's sentencing guidelines were lowered by Amendment 782 to the United States Sentence Guidelines, but a reduction in Defendant's sentence is not permitted pursuant to U.S.S.G. § 1B1.10.

4

## I.   Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11 and applies retroactively.  U.S.S.G. §§ 1B1.10(d), (e)(1).

Amendment 782 to the United States Sentencing Guidelines lowered the base offense level applicable to Defendant by two levels.

At Defendant's October 18, 2007 sentencing, he had a total offense level of 35 and a criminal history category of V for a guideline range of 262-327 months.

Pursuant to Amendment 782 to United States Sentencing Guidelines, Defendant now has a total offense level of 33 and a criminal history category of V for an amended guideline range of 210-262 months.

## II.   Defendant is Not Eligible for a Sentence Reduction Because He Was Already Sentenced Below His Amended Guideline Range and Did Not Receive a Lower Sentence Based on a Government Motion for Substantial Assistance to Authorities

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of

5

this subsection.
U.S.S.G. § 1B1.10(b)(2)(A).

The exception that allows for a sentence to be reduced below a defendant's amended guideline range is found in U.S.S.G. § 1B1.10(b)(2)(B).  The exception involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

Here, Defendant was sentenced to a term of 180 months imprisonment on October 18, 2007.  Defendant's 180-month sentence is below Defendant's amended guideline range of 210-262 months. Defendant did not receive a sentence below the sentencing guidelines pursuant to a government motion based on his substantial assistance to authorities.  The Court is unable to reduce Defendant's sentence lower than the minimum term provided by the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(A); United States v. Davis, 739 F.3d 1222, 1224-25 (9th Cir. 2014).

Defendant's letter requesting a sentence reduction (ECF No. 48) pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

## CONCLUSION

Defendant's MOTION FOR SENTENCE REDUCTION (ECF No. 48) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 15, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. Sacramento Gonzalez-Osequera, aka Sacramento Asequera Gonzalez, aka Benito Barragan-Blanco, aka Victor LNU, aka Victor Rodriquez, aka Victor Orosco, aka Victor Suarez, aka Victor Cisneros, Crim. No. 06-00593 HG-01; **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES (ECF NO. 48)**