IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 06-00593 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SACRAMENTO GONZALEZ-OSEGUERA, aka SACRAMENTO ASEGUERA GONZALEZ, aka BENITO BARRAGAN-BLANCO, aka VICTOR LNU, aka VICTOR RODRIGUEZ, aka VICTOR OROSCO, aka VICTOR SUAREZ, aka VICTOR CISNEROS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 (ECF No. 60)**

Defendant Sacramento Gonzalez-Oseguera, proceeding pro se, has filed a letter requesting a reduction in sentence pursuant to the First Step Act, Pub. L. No. 115-391. Defendant is not eligible to receive a sentence reduction.

Defendant's Motion for Sentence Reduction (ECF No. 60) is **DENIED**.

**PROCEDURAL HISTORY**

On December 13, 2006, the grand jury returned a three-count

1

First Superseding Indictment against Defendant.[1]  (ECF No. 5).

On May 7, 2007, Defendant pled guilty, pursuant to a plea agreement, to Count I of the First Superseding Indictment for conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a substance and mixture containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).  (ECF No. 31).

On July 15, 2007, the Court entered an order that accepted the Defendant's plea of guilty and adjudged him guilty as to Count I in the First Superseding Indictment.  (ECF No. 35).

On October 18, 2007, Defendant was sentenced to 180 months imprisonment as to Count 1 in the First Superseding Indictment. (Amended Judgment, ECF No. 47).  Counts 2 and 3 in the First Superseding Indictment were dismissed as required by the Memorandum of Plea Agreement.  (Id.)

On January 31, 2019, Defendant, proceeding pro se, filed a letter requesting a reduction in his sentence pursuant to 18

---

[1] The First Superseding Indictment dated December 13, 2006, was returned against "Benito Barragan-Blanco, aka Victor LNU, aka Victor Rodriguez, aka Victor Orosco, aka Victor Suarez, aka Victor Cisneros."  (ECF No. 5).  On May 4, 2007, the Court held a Final Pre-Trial Conference where Defendant indicated that his true name is "Sacramento Gonzalez-Oseguera."  (ECF No. 29).  On the same date, the Parties filed a Stipulation and Order to amend the caption and to identify Defendant by his true name.  (ECF No. 28).  The caption reflects the Defendant's name and aliases as provided on the Amended Judgment pursuant to the Parties' Stipulation.  (ECF Nos. 28, 47).

U.S.C. § 3582 and the First Step Act, Pub. L. No. 115-391. (ECF No. 60).

## **ANALYSIS**

The Court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); see United States v. Perez-Asencio, No. 18CR3611-H, 2019 WL 626175 (S.D. Cal. Feb. 14, 2019).

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. The First Step Act implements reforms to the criminal justice system.

Defendant has submitted a handwritten letter asking if he is eligible for relief pursuant to the First Step Act. The Court liberally[2] construes Defendant's letter as a motion to reduce his sentence pursuant to the First Step Act.

There are a number of reforms in the First Step Act, but Section 404 is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act §

---

[2] "[H]andwritten pro se document[s] [are] to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

404(a). The Fair Sentencing Act of 2010 modified the statutory sentencing range only for crack cocaine offenses.

Here, Defendant was not sentenced to an offense involving crack cocaine. Defendant was convicted of an offense involving methamphetamine. Defendant is not eligible for a reduction of his imprisonment term pursuant the First Step Act.

Defendant's letter requesting a sentence reduction (ECF No. 60) is **DENIED**.

## CONCLUSION

Defendant's Motion for Sentence Reduction (ECF No. 60) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 18, 2019.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

United States v. Sacramento Gonzalez-Oseguera, aka Sacramento Aseguera Gonzalez, aka Benito Barragan-Blanco, aka Victor LNU, aka Victor Rodriquez, aka Victor Orosco, aka Victor Suarez, aka Victor Cisneros, Crim. No. 06-00593 HG-01; **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 (ECF NO. 60)**